IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:22-CR-719 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| TRAVON ROBINSON, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon Defendant Travon Robinson's ("Defendant" or "Robinson") Motion to Suppress Evidence from Unconstitutional Search (Evidentiary Hearing Requested) filed on February 3, 2025 ("Defendant's Motion"). (Doc. No. 21.) On February 7, 2025, the United States of America filed the Government's Response in Opposition to Defendant's Motion ("the Government's Opposition"). (Doc. No. 24.) Although given the opportunity to file a Reply in Support of Defendant's Motion, Robinson did not do so. Therefore, Defendant's Motion became ripe on February 7, 2025, and on February 19, 2025, and with the agreement of counsel for the parties, the Court set a hearing on Defendant's Motion for March 27, 2025.

The hearing was conducted on that date and Defendant was permitted to request additional documentation from his Adult Parole Authority ("APA") file and records related to the GPS monitoring of him. In accordance with the deadlines set during the hearing for supplemental briefing on Defendant's Motion, on April 28, 2025, Robinson filed his Supplement to Defendant's Motion ("Defendant's Supplement") and on May 12, 2025, the United States of America filed the Government's Post-Hearing Brief ("the Government's Supplement"). (Doc. Nos. 44, 48.)

Accordingly, Defendant's Motion is ripe for a decision. For the reasons set forth below, Defendant's Motion (Doc. No. 21) is DENIED.

**Background**

The evidence, to include testimony elicited and documents admitted into evidence at the hearing on Defendant's Motion, as well as documentation submitted by the parties with their respective supplemental briefs, demonstrates the following.

In August of 2021, Toni Wallace, an officer with the Adult Parole Authority ("APA"), was assigned to supervise Robinson for a three-year period when he was released from state prison after serving a sentence for three counts of drug trafficking, one count of tampering with evidence, and two counts of having weapons while under disability. Officer Wallace met with Robinson and went over or reviewed with him his Conditions of Release and Robinson signed them on August 19, 2021. One of the special conditions of Robinson's parole or supervision was that he enter and successfully complete a halfway house program but when he did not do so, the sanction imposed included placing him on GPS monitoring.

The general conditions of Robinson's supervision or parole that Robinson agreed to abide by included: warrantless search(es) of his person and place of residence; not purchasing, possessing, owning, using, or having access to or having under his control any firearms and ammunition; and obeying federal, state, and local laws and ordinances, including those related to illegal drug use and registration with authorities.

Following Robinson's release from prison, his approved residence with the APA was his mother's home at 790 Crestview, Akron, Ohio ("the Crestview residence"). On October 5, 2021, Officer Wallace spoke with Robinson's mother who agreed to the warrantless search policy and

verified that there were no firearms in her home. However, through the GPS monitoring, Officer Wallace learned that Robinson was not staying at the Crestview residence, and on November 5, 2021, she met with him at the residence at which the GPS location monitoring showed he was staying, i.e., 1575 Treetop Trail, Apartment A, Akron, Ohio ("the Treetop Trail residence"). Officer Wallace also met his girlfriend, Javonna Wilson ("Wilson"), who lived at the Treetop Trail residence. Ms. Wilson advised Officer Wallace that she was okay with Robinson living with her there, stated that there were no firearms in the residence, and agreed to the warrantless search policy. Officer Wallace believed that the sanction she imposed upon Robinson – continuing the GPS monitoring – was for his failure to reside at the approved Crestview residence.

      In December of 2021, Officer Wallace received a photograph depicting Robinson with two other males, one of whom had a firearm in his pocket. So, on January 6, 2022, Officer Wallace and other APA officers, along with Akron police officers, went to the Treetop Trail residence and the APA officers conducted a parole search of it. During the search of the residence by Akron Police officers pursuant to a search warrant they secured, 36 grams of fentanyl, a box with red drug press equipment, two empty gun boxes, a magazine and ammunition were located and seized. As a result of that search, Robinson and Wilson were arrested by Akron police and charged with drug crimes.[1] Upon Robinson's release on bond to the Treetop Trail residence, he was placed back on GPS as part of his sanction.

---

[1] "Robinson was convicted of the state charges related to the drugs found in his apartment in January 2022 and was sentenced to 3-to-4-and-a-half-years in state custody." (Doc. No. 21, PageID # 58.)

Officer Wallace met with Robinson at the Summit County jail after his arrest and informed him that he was not permitted to stay with Wilson at the Treetop Trail residence,[2] and Robinson told her that he was going to try and find a place to stay but could not stay with his mother at the Crestview residence. On January 10, 2022, Officer Wallace met with Robinson at 1014 Independence Ave. ("the Independence residence") "where he allege[d] that he [would] now be residing with his cousin, Dayonna Anderson." (Ex. A to Government's Supplement (Doc. No. 48) and Ex. A. to Defendant's Supplement (Doc. No. 44).). Officer Wallace noted that none of Robinson's clothing was at the Independence residence. She also informed Robinson that "he ha[d] 5 days to get his things from [the Treetop Trail residence] and that they should no longer be at the residence." (*Id.*) When Officer Wallace met with Robinson on March 29, 2022, he was with Wilson in a black Mercedes rental. (*Id.*)

On April 6, 2022, Officer Wallace received a call from an anonymous source ("the first source") informing her that Robinson was having people travel back and forth to Parkersburg and Charleston, West Virginia making money. Officer Wallace understood this to mean that Robinson was getting illegal narcotics related to drug trafficking. Then, on April 14, 2022, Officer Wallace received a call from another anonymous source ("the second source") who informed her that Robinson was having people travel back and forth to West Virginia to do his business for him. The second source also informed Officer Wallace that she was in possession of a firearm belonging to Robinson, he wanted the firearm back, so the source had placed the firearm at Robinson's brother's residence.

---

[2] According to Officer Wallace, there was no condition of his parole that prevented Robinson from having contact with Wilson.

4

During a telephone call that Officer Wallace had with Robinson on April 18, 2022, Robinson advised her that he was just waking up at his sister's house in Cleveland and on April 19, 2022, Robinson told Officer Wallace that he would be coming to meet her from his sister's house in Cleveland.  On Wednesday, May 4, 2022, Officer Wallace received another call from the second source who told her she had been with Robinson in Cincinnati over the weekend, and the second source had been delivering ice and fentanyl to Parkersburg, West Virginia for Robinson because he was on GPS and not able to leave the state.  The second source reported that Robinson had a firearm in the vehicle while in Cincinnati and the second source ended up with the firearm and Robinson had been continuously asking for the return of the firearm.  Officer Wallace contacted the Akron Police Department Gun Violence Reduction Unit and informed them of the situation.

GPS monitoring records indicate that Robinson was not on GPS monitoring on the dates that Officer Wallace testified she received the first two calls from the sources on April 6 and 14, 2022.[3]  However, the GPS records do demonstrate that on April 28, 2022, at approximately 12:54 P.M., Robinson departed Akron, Ohio and arrived in Cincinnati at approximately 4:38 P.M. that day.  The GPS records demonstrate that he remained in the Cincinnati area until Saturday, April 30, 2022, and traveled back to Akron.  The GPS records also demonstrate that on Saturday, May 7, 2022, Robinson traveled to Belpre, Ohio, a town located just one mile from Parkersburg, West Virginia.

After receiving the May 4, 2022 call from the second source, Officer Wallace reached out to the Akron Police Department gun violence unit and informed them of the information she had received.  Then, on May 9, 2022, Officer Wallace received a call from Detective Crockett with the

---

[3] Robinson was on GPS monitoring from October 6, 2021 through December 17, 2021, from January 5, 2022 through February 17, 2022, and from April 19, 2022 to through Robinson's arrest on May 9, 2022.

Akron Police Department who advised her that there was an active arrest warrant for Robinson for having a weapon while under disability. That is because Jessica Young, the second source - who Officer Wallace understood to be the ex-girlfriend of Robinson - had met with Detective Chris Crockett and turned in a Beretta Model 3032 Tomcat .32 caliber firearm that she stated belonged to Robinson. Upon taking possession of the firearm, Detective Crockett verified or checked the serial number on it and determined that it was the same serial number on the box that the Akron Police Department had recovered during the search of the Treetop Trail residence on January 6, 2022.[4]

So, after confirming with Officer Wallace during the May 9, 2022 telephone call that Robinson's GPS monitor showed him to be at the Treetop Trail residence, APA officers, including Officer Wallace and Akron police officers went to that residence. After the Akron police and APA officers arrived at the residence, they knocked on the door of the residence and announced themselves several times, with no response; and Officer Wallace called Robinson, but he did not answer the phone. The officers finally obtained access to the residence by using a key supplied to them from the maintenance department. Akron police officers reported seeing Robinson exit the residence onto the back porch and saw him coming out of the child's bedroom located in the residence. When Officer Wallace made entry through the front door, she saw Robinson appear from the back right corner of the residence coming out of a child's bedroom. After Robinson was arrested and escorted out of the residence, the APA officers conducted a parole search of the residence, but the Akron police officers were not engaged or involved in any way in that parole search.

---

[4] The serial number is DAA302593.

6

Officer Wallace had reason to suspect that Robinson had other contraband, specifically ammunition, in the residence because the firearm Jessica Young turned into the Akron police matched the empty gun box located during the search of the Treetop Trail residence in January. And, according to Officer Wallace, Robinson would be in violation of the conditions of his parole if he had access to and was selling illegal narcotics in Cincinnati or elsewhere, as was relayed to her through telephone calls made by the two sources. According to Officer Wallace, the decision to conduct a parole search was also based upon Robinson's criminal history of drug trafficking, prior instances of criminal conduct at the Treetop Trail residence, and the fact that it was ten minutes before Robinson came to the door when the officers arrived at the residence on May 9, 2022.

During the parole search of the child's bedroom in the Treetop Trail residence by the APA officers, a gray plastic bag containing several small baggies was located under the bed. APA officers opened the gray plastic bag and placed the small baggies on the bed. Officer Wallace suspected that the small baggies contained illegal narcotics. At that point, the parole search ended, the APA officers notified the Akron police about the results of the parole search and the Akron police obtained a search warrant. During the search of the Treetop Trail residence on May 9, 2022, the Akron police officers found and seized Methamphetamine and Fentanyl, resulting in two of the charges that Robinson faces in this matter: Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) (Count 1); and Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 2). Robinson is also charged with Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) in Count 3 of the Indictment in this matter, associated with the Beretta that was turned over to the Akron Police on May 5, 2022.

There are four APA approved residences for Robinson included on the APA Comprehensive Case Report. (Exhibit D, attached to the Government's Supplement (Doc. No. 48).) They are: (1) 40 E. Glenwood AIPP HWH, Akron, Ohio 44304, the Residential Facility, as of 8/19/2021; (2) the Crestview residence as of 10/5/2021; (3) the Treetop Trail residence as of 11/5/2021; and (4) 790 Crestwood Ave. Akron, Ohio 44302 as of March 22, 2025. (*Id.*) The Independence residence is not included in this list. Indeed, there are only two entries in the APA records relative to the Independence residence: the one quoted in relevant part above; and an entry from April 19, 2022, indicating that Robinson reported that he was "still staying with his cousin, *Shante* Anderson" on Independence. (Emphasis added.) (Ex. A, p. 9 attached to the Government's Supplement (Doc. No. 48); Ex. A, p. 9 attached to Defendant's Supplement (Doc. No. 44). A review of the GPS records from April 19, 2022 to May 9, 2022 show that Robinson spent more time at the Treetop Trail residence than the Independence residence. There is nothing in the evidence submitted that Robinson's cousin Davonna (or Shante?) Anderson or the owner or leasehold of the Independence residence ever agreed to the warrantless search of the premises by the APA or verified that there were no weapons in that residence. By contrast, Robinson's mother agreed to the warrantless search of the Crestview residence and verified there were no firearms in her home, and Wilson agreed to the warrantless search of the Treetop Trail residence and verified that there were no firearms in her residence. There is no evidence that Wilson ever withdrew her consent to the warrantless search of her home. Also, there is no evidence that Robinson's sister's home in Cleveland was ever included on the APA list of approved residences, and yet Robinson stayed there.

**Law and Analysis**

Defendant argues that the search of the Treetop Trail residence on May 9, 2022 "lacked reasonable suspicion and was therefore done in violation of Mr. Robinson's Fourth Amendment rights." (Doc. No. 21, PageID # 59.)  In Defendant's Motion, Robinson asserts that the APA search was a protective sweep,[5] but in Defendant's Supplement submitted post-hearing, Robinson points to evidence adduced at the hearing, specifically the testimony of Officer Wallace, to assert that the search was a "full-blown" parole search.[6]  Indeed, the Court concludes that the search was a parole search.  Accordingly, the Court will proceed to evaluate Defendant's argument that this parole search was unlawful because it is not supported by reasonable suspicion and therefore, violated Robinson's Fourth Amendment rights.  (*Id.*, PageID #s 61-64.)  For purposes of evaluating this argument, the Court does find, based upon the evidence adduced in this matter and summarized above, that the Treetop Trail residence was one of Robinson' APA approved residences or addresses and that Wilson had agreed to, and never revoked, her consent to the warrantless search of her residence.

According to the Sixth Circuit, "[a] warrantless search of an individual under criminal supervision, including a parolee, is reasonable under the Fourth Amendment if it satisfies either of two distinct doctrinal frameworks." *United States v. Herndon*, 501 F.3d 683, 687-688 (6th Cir. 2007).  The Government only needs to satisfy one.  *United States v. Dunbar*, 2022 WL 17245098 at *3 (6th Cir. 2022).  The first framework is the "special needs" test set forth in *Griffin v. Wisconsin*, 483 U.S. 868, 880 (1987), i.e., a parole search is reasonable if it is conducted in accordance with a constitutional state law authorizing warrantless searches.  *United States v. Sharp,* 40 F.4th 749, 752-

---

[5] (Doc. No. 21, PageID #s 60-61.)
[6] (Doc. No. 44, PageID # 358.)

53 (6th Cir. 2022). And, under Ohio Rev. Code § 2967.131(C), a parole officer may search a parolee without a warrant if he has "reasonable grounds" to suspect that the parolee has violated the law or a parole condition. *Dunbar,* 2022 WL 17245098 at *4. According to the Sixth Circuit, this Ohio statute "passes constitutional muster." *Sharp*, 40 F.4th at 753, *Dunbar,* 2022 WL 17245098 at *4 (citing *United States v. Loney*, 331 F.3d 516, 521 (6th Cir. 2003)).

The second test is the "totality of the circumstances" test and the relevant factors to consider include a person's position on the "continuum" of criminal punishments, the terms of the search condition communicated to the person, and the State's interest in supervision. *Sharp*, 40 F.4th at 753 (citing *Samson v. California*, 547 U.S. 843, 848, 850-854 (2006) and *United States v. Knights*, 534 U.S. 112, 118)("the *Knights-Samson* approach" (*Dunbar,* 2022 WL 17245098 at *3)). "Relevant factors under the *Knights-Samson* approach include the suspect's post-supervision status, terms of the search condition, and the State's interest in post-release supervision." *Id.* at *4, citing *Sharp*, 40 F.4th at 753.

The Court finds that the parole search of the Treetop Trail residence satisfied the *Griffin* two-prong inquiry. As noted above, the Sixth Circuit has already upheld Ohio Rev. Code § 2967.131(C)(1)(a) as constitutional so the first prong is satisfied. That provision reads in relevant part as follows:

> During the period of a conditional pardon or parole … that involves the placement of the individual under the supervision of the adult parole authority … authorized field officers who are engaged within the scope of their supervisory duties or responsibilities may search, with or without a warrant, … real property in which the individual or felon . . . has the express or implied permission of a person with a right, title, or interest to use, occupy, or possess, if the filed officers have reasonable grounds to believe that the individual or felon. . . is not abiding by the law, or otherwise is not complying with the terms and conditions of [his supervision].

The search of the Treetop Trail residence satisfied the statute's requirements[7] because the APA officers, to specifically include Officer Wallace, had reasonable grounds, or reasonable suspicion, to suspect that Robinson was violating the terms and conditions of his parole. Officer Wallace knew that Jessica Young had turned in a firearm that matched the empty gun box seized during the parole search of the Treetop Trail residence on January 6, 2022, and that the Akron police had arrested him for possession of that firearm as a convicted felon. And when she and other APA officers arrived at the Treetop Trail residence, repeated knocking on and announcing themselves at the front door, and telephone call(s) by Officer Wallace went unanswered by Robinson who was in the residence. The officers were only able to gain access to the residence when they were provided with a key by maintenance. Robinson was seen going out onto the back porch and then coming back in, and when Officer Wallace saw him as she entered the residence, he was coming out of the back bedroom.

Indeed, the last of the three calls that Officer Wallace received on May 4, 2022 was from Ms. Young who reported that she had been in Cincinnati with Robinson and she had been delivering ice and fentanyl to Parkersburg, West Virginia on Robinson's behalf.[8] And Ms. Young repeated what she had advised Officer Wallace during her April 14, 2022 call to her, i.e., that Robinson had had a firearm, he had given it to her and he wanted it back. These representations by Ms. Young to Officer Wallace were in effect corroborated by the fact that the firearm Ms. Young turned over to Officer Crockett matched the empty gun box found in the Treetop Trail residence on January 6, 2022. So,

---

[7] Indeed, the APA had "the express … permission of a person with a right, title or interest to use, occupy, or possess," i.e., Wilson, to conduct the warrantless search.
[8] As noted above, the GPS monitoring records demonstrate that Robinson had been in Cincinnati the weekend before May 4, 2022, and corroborated what Ms. Young had reported to Officer Wallace about Robinson's engagement in drug trafficking.

11

Officer Wallace had good reason or suspicion to believe Ms. Young's representations that Robinson was involved in drug trafficking which would be a violation of the conditions of his parole.  And, because it was the firearm that formed the basis for the state charge of having weapons under disability, Officer Wallace also had reasonable suspicion to believe that the search of the premises would reveal ammunition in the Treetop Trail residence, possession of which would also violate the terms of Robinson's conditions of parole.

The Court also finds that the parole search on May 9, 2022 was reasonable under the totality-of-the-circumstances test set forth in *Knights*.  Robinson was informed of and agreed to the warrantless search condition of his parole, as well as the conditions that he not possess, own, use or have access to or have under his control any firearms and ammunition, and that he obey federal, state, and local laws and ordinances.  Accordingly, the search condition significantly diminished Robinson's reasonable expectation of privacy.  The State of Ohio has an interest in reducing recidivism and ensuring Robinson's successful societal reintegration and these state interests, coupled with the APA officers' reasonable suspicion that Robinson was violating the conditions of his parole,[9] outweigh an intrusion on his significantly diminished privacy interests.  Accordingly, the parole search on May 9, 2022, was reasonable.

Accordingly, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Date:  June 12, 2025

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[9] The bases for the officers' "reasonable suspicion" are set forth above and will not be repeated.