IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:22-CR-719 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| TRAVON ROBINSON, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

This matter is before the Court upon Defendant Travon Robinson's ("Defendant" or "Robinson") Motion to Sever Counts filed on February 3, 2025 ("Defendant's Motion"). (Doc. No. 22.) On February 7, 2025, the United States of America filed its Response in Opposition to Defendant's Motion ("the Government's Response"). (Doc. No. 25.) Although given the opportunity to do so, Robinson did not file a Reply in support of Defendant's Motion. For the reasons set forth below, Defendant's Motion is DENIED.

**Background**

Robinson has been charged with two counts of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 2);[1] and one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3).[2] Counts 1 and 2 relate

---

[1] Counts 1 and 2 of the Indictment charge that it was "on or about May 9, 2022" that Robinson knowingly and intentionally possessed with the intent to distribute Schedule II controlled substances. (Doc. No. 1, PageID #s 1-2.)
[2] Count 3 of the Indictment charges that it was "[b]etween on or about April 15, 2022 and on or about May 5, 2022" that Robinson, knowing he had previously been convicted of crimes punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate and foreign commerce, a pistol and ammunition that had been shipped and transported in interstate and foreign commerce. (*Id.*, at PageID # 2.)

to controlled substances found in Robinson's residence during a parole search that was conducted on May 9, 2022. Count 3 relates to a firearm that was turned into the police on May 5, 2022. In Defendant's Motion, Robinson asks this Court to sever Counts 1 and 2 from Count 3 because the "[j]oinder of the gun and drug charges is impermissible under Rule 8(a)." (Doc. No. 22, PageID #s 66-67.) Alternatively, Robinson submits that "even if the charges were properly joined, they should be severed because a joint trial will cause [him] substantial prejudice." (*Id.* at PageID # 67.) In the Government's Response, the Government contends that all three counts are properly joined under Rule 8(a) because the offenses are based on being connected by a common scheme or plan, act or transaction, and are of the same or similar character. And according to the Government, Robinson has failed to meet his Rule 14 burden to demonstrate compelling and specific prejudice that would result from a single trial on all three counts.

The Background of this case is set forth in the Memorandum Opinion and Order issued by this Court on June 12, 2025 and will not be repeated herein. (Doc. No. 51.)

In support of Defendant's argument that Rule 8 requires Counts One and Two to be severed from Count Three, Robinson asserts that the Indictment does not allege that the firearm and drugs are of the same or similar character. Robinson also contends that the Indictment does not support the argument that the charges are based on the same act or transaction but are separate crimes. In support of this contention, Robinson points to the dates the crimes charged are alleged to have occurred, i.e., May 9, 2022 for the drug trafficking offenses charged in Counts 1 and 2, and on or between April 15, 2022 and May 5, 2022 for the felon in possession offense charged in Count 3. However, and as acknowledged by Robinson, Ms. Young, who turned in the firearm referenced in Count 3 of the Indictment to the Akron Police Department on May 5 – or just 4 days before the search of Robinson's

residence where the drugs were found that are the subject of Count 1 and 2 - reported that Robinson had left the firearm with her a week or two before May 5, 2022. Finally, Robinson submits that the drug trafficking offenses charged in Counts 1 and 2 and the felon in possession offense charged in Count 3 are not connected together as part of a common scheme or plan, citing *United States v. Chavis*, 296 F.3d 450, 458, and *United States v. Malone*, No. 1:06CR268, 2007 WL 9655727 at *1 (S.D. Mich. Jan. 10, 2007).

Robinson argues that even if the charges are properly joined, this Court should sever them because joinder will cause substantial prejudice to him at trial, citing and relying upon Fed. R Crim. P. 14(a). He asserts that assuming that the charges are properly done so, "they are only done so on the 'tools of the trade' theory[,]" citing Sixth Circuit precedent wherein that Court has held that guns are "tools of the trade" in drug transactions[3] or stated that evidence of firearms tends to prove the existence of a drug conspiracy[4] or that weapons are evidence of an intent to distribute drugs.[5] According to Robinson, then, "there is a substantial risk that in this case the jury will not separate the evidence from the distinctly different charges but instead conclude that if [he] committed one of the offenses, he must have also committed the other because they go hand-in-hand." (Doc. No. 22, PageID #s 69-70.)

In response, the Government asserts that Robinson's reliance on *United States v. Chavis* is misplaced, correctly submitting that therein, "the Sixth Circuit held that the joinder of drug and firearm charges was improper where there was a two-year gap in time between the two charges and nothing in the indictment indicated a connection between the offenses." (Doc. No. 25, PageID #s 91-

---

[3] *United States v. Arnott*, 704 F.2d 322, 326 (6th Cir. 1983).
[4] *United States v. Medina*, 992 F.2d 573, 587 (6th Cir. 1993).
[5] *United States v. Hatfield*, 815 F.2d 1068 (6th Cir. 1987).

3

91, citing *Chavis, id.*, 296 F,3d at 456-58.)  The Government points out that the charges involving Robinson's possession with intent to distribute narcotics shares a close temporal proximity to his possession of the firearm and this Court agrees.  The drug trafficking offenses charged in Counts 1 and 2 and the felon in possession charged in Count 3 occurred in close temporal proximity, i.e., within a few weeks.  Moreover, Robinson acknowledges that the Sixth Circuit has held that weapons are evidence of intent to distribute drugs.  Accordingly, the three counts in the Indictment are connected with or constitute parts of a common scheme or plan and are properly joined under Rule 8(a).

The Government submits that as for Robinson's argument that the Court should sever the Counts pursuant to Fed. R. Crim. P. 14, the Court should reject it since Robinson "has failed to demonstrate any compelling and specific prejudice that would result from denial of his request for severance or bifurcation[,]" citing *United States v. Deitz*, 577 F.3d 672, 693 (6th Cir. 2009) for the proposition that "the burden of showing prejudice in this context 'very heavy'."  (*Id.*, PageID # 93.)  The Court agrees.  And, as the Government asserts, judicial efficiency – given the overlap in evidence and facts – requires that all three counts remain joined and tried together; it will not be difficult for a jury to distinguish between the evidence pertaining to each count; and any potential prejudice – as distinguished from substantial prejudice – can and will be cured by a limiting instruction that the Court hereby order the parties to submit with their proposed jury instructions in anticipation of trial.

Accordingly, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Date:  June 25, 2025

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE